## ROSSITTI v. VALENTE.

### (Supreme Court, Appellate Term.   February 9, 1911.)

1. EVIDENCE (§ 318*)—HEARSAY.

In an action for damages for injury to the building in which plaintiff conducted his business, by defendant injuring the party wall in pulling down her own building, adjacent thereto, a letter from plaintiff's customer to the effect that he had telephoned plaintiff to rush his order, and that he was entirely out of the material ordered, was not admissible in evidence; letters of third persons not being admissible in evidence against a party having no knowledge thereof.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1193–1200; Dec. Dig. § 318.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

It cannot be said that the admission in evidence of a letter from one of plaintiff's customers, offered to prove damage to plaintiff's business from acts of defendant, was not prejudicial to defendant; it bearing on the controverted question of whether plaintiff lost business because of the disturbance of the party wall.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160;  Dec. Dig. § 1050.*]

3. DAMAGES (§ 176*)—EVIDENCE—ADMISSIONS.

In an action for damages arising from injury to a party wall of the building in which plaintiff conducted his business, evidence to show the loss of profits on certain contracts which plaintiff had with his customers was not admissible; he being only entitled to prove general damage to his business and show that it is profitable.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 461; Dec. Dig. § 176.*]

4. LANDLORD AND TENANT (§ 142*)—INJURIES TO LEASEHOLD—INTERFERENCE WITH BUSINESS—DAMAGES.

Plaintiff's measure of damages, in an action for damage caused by the interference with a party wall of the building in which he conducted his business as a tenant, was the difference between the value of the leasehold before and after the injury to the wall, and not the difference between the rent paid in another building, to which he was compelled to move, and that he would have paid, had he remained in the injured building.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 515; Dec. Dig. § 142.*]

5. PARTY WALLS (§ 8*)—RIGHTS OF ADJOINING OWNERS.

An adjoining owner cannot dig under a party wall resting in part on his own land, so as to injure the building on the other land; a party wall not being the exclusive property of either owner.

[Ed. Note.—For other cases, see Party Walls, Cent. Dig. §§ 40, 41; Dec. Dig. § 8.*]

6. APPEAL AND ERROR (§ 1031*)—HARMLESS ERROR.

A judgment cannot be affirmed on the possibility that errors committed at trial did not prejudice the unsuccessful party.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046;  Dec. Dig. § 1031.*]

Appeal from City Court of New York, Trial Term.

Action by Edward Rossitti against Frank Valente, as executor of the last will and testament of Elise Zammatti, deceased.   From an or-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

der denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Wentworth, Lowenstein & Stern (Louis Lowenstein, of counsel), for appellant.

Achille J. Oishei, for respondent.

HENDRICK, J. Defendant's testator pulled down her building, and in so doing disturbed the party wall of an adjoining building, in which plaintiff was a tenant. The changes made by the testator are alleged to have been done in a negligent manner. That issue was fairly and clearly submitted to the jury, and we do not feel authorized to disturb its finding.

We are also of the opinion that the evidence sustains the finding of the jury that plaintiff suffered substantial damages; but in proving the amount of damages plaintiff was allowed to introduce in evidence some letters between himself and his customers to prove the extent of his damage. In one of the letters, printed in English, the customer writes that he had telephoned plaintiff to rush his order, and that he was entirely out of paper. This evidence was material to the controverted question as to whether plaintiff lost business on account of disturbance of the party wall, and we cannot say that it did not exert an influence on the jury prejudicial to defendant. We recall no rule of law which permits plaintiff to introduce letters of a third party in evidence against a defendant who had no knowledge of them.

Plaintiff also introduced in evidence facts tending to prove loss of profits on specific contracts with his customers. Such evidence introduces issues foreign to those presented by the pleadings. When a plaintiff's business has been temporarily broken up by the negligence of a defendant, he may prove his general damage, and may take into consideration the fact that his business is profitable; but he cannot ask a jury to determine how much he might make on specific contracts.

Nor do we think it was competent for plaintiff to prove the difference between the rent paid in his new place of business and the rent he would have paid, had he remained in the building which defendant is alleged to have rendered untenantable. Compensatory damages is the rule, and the difference between the value of the leasehold as it was and the value after injury to the party wall would afford the more natural and usual measure of damages.

We have not overlooked defendant's argument that an owner may pull down his own building and excavate his lot with impunity, although the adjoining buildings fall into the excavation. Plaintiff says:

"They dug down below the wall that was holding up the building that I was in. Under the party wall, they dug right under. And they did not put up any braces or shoring or anything."

Granting that an owner may dig vertically on his own lot lower than the foundation of an adjoining house, regardless of consequences, he is not permitted to dig under that adjoining wall, even if it be a party wall resting in part upon his own premises. We are not now considering whether the maxim, "Sic utere tuo ut alienum non lædas," has any

application here, as we deem it sufficient to hold that a party wall is not the exclusive property of either owner.

The verdict is well within the evidence, and perhaps the errors herein noticed worked no prejudice to defendant; but such errors cannot be disposed of on probabilities.

The judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event.

DELANY, J., concurs. LEHMAN, J., concurs in result.